

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,492-02

### EX PARTE KYLE WAYNE BAULCH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-47524 M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of driving while intoxicated as his third or more offense and sentenced to eight years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to file a motion for shock probation and promised Applicant he would receive a two-year plea bargain. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). This Court remanded and ordered the trial court to make findings of fact and conclusions of law as to whether Applicant was eligible for shock probation and whether counsel promised Applicant he

would receive a two-year plea bargain. The trial court was also ordered to make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court issued findings of fact and conclusions of law but failed to address the issues presented in the remand order. Accordingly, the record should be further developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was eligible for shock probation and whether counsel promised Applicant he would receive a two-year plea bargain. The trial court shall also make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 21, 2020
Do not publish